**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>    Plaintiff,<br>vs.<br><br>STATE OF MONTANA, CRYSTAL LEVER, MELISSA SHARF, and CINDY HINER,<br><br>    Defendants. | **CV 21-0005-H-BMM-KLD**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

  Plaintiff Donnie Mack Sellers ("Sellers") filed this action against the State of Montana and individual defendants under 42 U.S.C. § 1983, alleging various 8th Amendment constitutional violations associated with his incarceration. (Doc. 11). United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on September 14, 2021. (Doc. 13). Judge DeSoto recommended that the Court dismiss the State of Montana from this case because the Eleventh Amendment bars suit in federal court against a state absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. (*Id.* at 2). Sellers has failed to state a claim against the State of Montana and the State of

Montana has not waived immunity for claims brought in federal court. *Id.* Sellers filed objections to Judge DeSoto's Findings and Recommendations. (Doc. 14).

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Sellers objects to Judge DeSoto's holding that the Eleventh Amendment bars suit against the State of Montana in this case. (Doc. 14 at 4; *see* Doc. 13 at 2). The Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974).

2

Sellers points to Article II, Section 18 of the Montana Constitution to argue that Montana has expressly waived immunity with regard to the constitutional violations he has alleged. (Doc. 14 at 4 (citing Mont. Const. art. 2, § 18)). Sellers mistakes the intent of Article II, Section 18. A state waives its sovereign immunity under the Eleventh Amendment only where waiver is stated by the most express language or by such overwhelming implications from text as will leave no room for any other reasonable construction. *Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981). Article II, Section 18 limits Montana's consent to be sued in Montana state courts and should not be construed as consent to be sued by private citizens in federal courts. *Holladay v. State of Mont.*, 506 F. Supp. 1317, 1321 (D. Mont. 1981). Judge DeSoto correctly holds that the "State of Montana has waived immunity only for tort claims brought in *state* court." (Doc. 13 at 2 (emphasis added)).

Sellers also seems to misunderstand the nature of his complaint. He argues: "The State subjects itself to no immunity, Montana Constitution Art. 2, Section 18, regarding sections 3, 4, 22, 34" (Doc. 14 at 4). The Court presumes that Sellers refers to Sections 3, 4, 22, and 34 of Article II of the Montana Constitution. Sellers's complaint arises under § 1983, which provides a cause of action for a plaintiff who has been deprived of any rights, privileges, or immunities of the

3

United States Constitution or federal law. 42 U.S.C. § 1983. The rights guaranteed by the Montana Constitution are not at issue in this case.

Sellers's objections otherwise advance the same arguments that he set forth previously. The Court reviewed Judge DeSoto's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no error. Accordingly, **IT IS ORDERED** that:

1. Judge DeSoto's Findings and Recommendations (Doc. 13) are **ADOPTED IN FULL**.

2. The State of Montana is hereby dismissed from this case and the caption shall be amended.

3. The Clerk of Court is directed to terminate the State of Montana as a party.

4. At all times during the pendency of this matter, Sellers must keep the court apprised of any changes of address. Failure to do so may result in dismissal pursuant to Fed. R. Civ. P. 41.

**DATED** this 16th day of October, 2021.

_____
Brian Morris
United States District Court Judge