IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>Plaintiff,<br><br>vs.<br><br>CRYSTAL LEAVER, MELISSA SCHARF, and CINDY HINER,<br><br>Defendants[1]. | CV-21-0005-H-BMM-KLD<br><br>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pending before the Court are a motion to dismiss filed by Defendants Crystal Lever, Cindy Hiner, and Melissa Scharf ("Defendants") (Doc. 17), and a request for entry of default and a motion for default judgment by Plaintiff Donnie Mack Sellers. (Docs. 19 and 20.) Sellers did not respond to Defendants' motion to dismiss. The requests for default should be denied, and the motion to dismiss granted, as described below.

Sellers is a state prisoner currently incarcerated at Montana State Prison ("MSP"). (Doc. 11 at 2.) He is proceeding in forma pauperis and without counsel. Sellers asserts that he has various troubles with his teeth, mouth, and right arm. (Doc. 11 at 5.) Therefore, he suffers all kinds of pain that he asserts is not properly treated at MSP.

---

[1] The Court has amended the caption to reflect the proper spelling of Leaver and Scharf.

1

Sellers seeks injunctive relief, directing the State and Cindy Hiner to treat his teeth properly, and to create an MSP treatment policy. He also seeks various money damages. (Doc. 11 at 5.)

I. **MOTION TO DISMISS**

Defendants move to dismiss Sellers' Eighth Amendment claims against Melissa Scharf and Cindy Hiner, and the Americans with Disabilities Act (ADA) claims against all defendants, for failure to state a claim. (Docs. 17 and 18.) Sellers failed to file a response brief. However, given that the issues are a matter of law, taking his allegations as true for the purposes of the motion to dismiss, the Court determines that it can decide the motion without his brief. The motion should be granted.

A. Motion to Dismiss Standard

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the

plaintiff's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544).

On a 12(b)(6) motion, "a district court should grant leave to amend […] unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

B. Analysis

Defendants' motion is fairly simple and based on two legal grounds, alleging insufficient facts to support Plaintiff's claims.

1. Lack of Supervisory Liability for Hiner and Scharf

Defendants assert that the individual claims against Hiner and Scharf fail for two reasons. Sellers mentioned Hiner and Scharf specifically only once in his Amended Complaint within the time period proscribed by the statute of limitations. (Doc. 11 at 16.) Both defendants are identified as responding to grievances, in which both confirmed that Sellers had had dental appointments. *Id.*[2] Defendants contend that Sellers has not sufficiently pled that these defendants had any direct involvement in decisions about his medical care, and therefore could not have been deliberately indifferent to his needs in order to state an Eighth Amendment claim. (Doc. 18 at 8.) The Court agrees.

As previously explained in the Court's June 8, 2021 Order, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F. 2d 565, 568 (9th Cir. 1987). The Ninth Circuit has identified four general situations in which supervisory liability may be imposed:

> "for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional

---

[2] The grievances and allegedly offending responses are attached to both Sellers' Complaint and Defendants' brief, though are more legible in Exhibit A to Defendants' brief. It is clear to the Court that his requests are ambiguous—when asking for an investigation of Leaver's conduct, he requests an investigation into her "choice exparte bicameral power that's void of truth, intricate [sic]." (Doc. 17-1 at 1.) The response to the appeal of this grievance, written by Defendant Scharf, reiterates that Sellers has seen dental services and is on the list for further treatment. (Doc. 17-1 at 3.) Given the lack of clarity in the request, the response does not manifest deliberate indifference.

> deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. … In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."

*Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal citations and quotation omitted.)

In its initial screening order, the Court directed Sellers, in his Amended Complaint, to specify exactly what each defendant had done. (Doc. 8.) He failed to allege facts against these two defendants that would state an Eighth Amendment claim for deliberate indifference to a serious medical need. All he has alleged is that he appealed a denial of medical care to these two defendants, and they stated, factually, that he had seen dental staff and that he was on the list for further treatment. They may have been uninformed or even incorrect about what type of care he received, or if he needed something else, but he has simply not alleged "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be

shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104-05). Sellers has failed to allege specific facts that would state this claim against Hiner and Scharf. They should be dismissed.

    2.  ADA claim

Sellers' Amended Complaint states that he is asserting a claim, in part, under "the federal statutes dealing with disabled prisoners, the ADA act, and prisoners mental health statutes." (Doc. 11 at 3.) As to all defendants and the Americans with Disabilities Act claims, Defendants contend that Sellers has simply failed to allege certain facts relating to the elements of an ADA claim that are necessary to state such a claim.

To state a claim under the ADA, an inmate must allege:

> (1) he "is an individual with a disability"; (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities"; (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Sellers has alleged no facts that would support his claim that he is disabled within the meaning of the ADA, or that any perceived disability on his part resulted in his exclusion from any benefits, programs, etc. at MSP. He states that he has several injuries, but

many of these cannot even loosely be considered disabilities. (Sellers details several lost filings, which, though painful, probably do not amount to disabilities. (Doc. 11 at 16 – 18.)) Nor has he identified any benefit or program from which his alleged disabilities have precluded him. Sellers has failed to state an ADA claim, despite having amended, and therefore, Sellers' ADA claims should be dismissed.

## II.   MOTIONS FOR DEFAULT

On November 18, 2021, Sellers filed a declaration in support of entry of default (Doc. 19-1) and a motion for default judgment (Doc. 20.) Sellers dated these documents November 23, 2021, but due to electronic filing, they were filed and docketed when received on November 18th. The declaration states that 70 days had passed without any responsive pleading filed by Defendants, but this was not accurate as a matter of fact. This Court's Order of September 14, 2021 forbade Sellers from moving for default prior to 70 days. (Doc. 12 at 4.) His post-dating his motion did not remedy the fact that it was premature and could be denied on this ground alone.

Further, Defendants' motion to dismiss was timely filed on November 15, 2021. A timely motion to dismiss suffices as a responsive pleading, and therefore, default is not appropriate. Fed. R. Civ. P. 55(a). Since Defendants responded in a timely fashion, and Sellers disregarded the Court's admonition, the request for entry of default and the motion for default judgment should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1.      Sellers' Amended Complaint should be dismissed as to Defendants Hiner and Scharf. The Clerk of Court should be directed to terminate them as parties.

2.      Sellers' ADA claims should be dismissed as to all defendants, as should any claims arising before January 29, 2021, which are time-barred, as explained in this Court's prior orders.

3.      Sellers' motions for entry of default and default judgment should be DENIED. (Docs. 19 and 20.)

4.      Defendant Leaver should be directed to file her answer within fourteen days of the date of the order adopting or otherwise ruling on these Recommendations.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen days after service thereof.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a),

should not be filed until entry of the District Court's final judgment.

DATED this 5th day of January, 2022.

                                                                           Kathleen L. DeSoto
                                                                           United States Magistrate Judge