IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>      Plaintiff,<br>vs.<br><br>CRYSTAL LEAVER, MELISSA SCHARF, and CINDY HINER,<br><br>      Defendants. | **CV 21-05-H-BMM-KLD**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

  Plaintiff Donnie Mack Sellers ("Sellers") filed this action against the State of Montana and individual defendants under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983, alleging various 8th Amendment constitutional violations associated with his incarceration. (Doc. 11). Defendants Crystal Leaver, Melissa Scharf, and Cindy Hiner moved to dismiss Sellers's Amended Complaint on November 15, 2021. (Doc. 17). Scharf and Hiner moved for dismissal of all individual capacity claims against them, while Leaver moved for dismissal of the ADA claim against her. *Id.*

1

United States Magistrate Judge Kathleen DeSoto issued Findings and Recommendations on January 5, 2022. (Doc. 22). Judge DeSoto recommended that the Court dismiss all claims against Hiner and Scharf because Sellers did not sufficiently plead that these defendants had any direct involvement in decisions about his medical care. (Doc. 22 at 4). Hiner and Scharf could not have therefore been deliberately indifferent to Sellers's needs as required to state an Eighth Amendment claim. *Id.* Judge DeSoto also recommended dismissing Sellers's ADA claim because Sellers failed to identify either a disability from which he suffers, and failed to identify any benefit or program from which his alleged disabilities have precluded him. (*Id.* at 7). Sellers filed objections to Judge DeSoto's Findings and Recommendations. (Doc. 23).

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for

2

clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Sellers argues that he did not intentionally post-date his motion for default judgment. (Doc. 23 at 2). The Court's Order of September 14, 2021, forbade Sellers from moving for default prior to 70 days, which would have allowed Sellers to file a motion for default judgment no sooner than November 23, 2021. (Doc. 12 at 4). Sellers asserts that a member of prison staff submitted Sellers's motion prior to that date due to confusion arising from the pro se prisoner filing process. *Id.* Judge DeSoto denied Sellers's motion not because it was filed prematurely, but because Defendants timely filed a responsive pleading. (Doc. 22 at 7). A timely motion to dismiss, like the one filed by Defendants, suffices as a responsive pleading, and, therefore, Judge DeSoto properly denied Sellers's motion for default judgment. Fed. R. Civ. P. 55(a).

Sellers next alleges that he did not respond to Defendants' motion to dismiss because he did not receive the Defendants' brief in support. (Doc. 23 at 4). Sellers does acknowledge, however, that he received "a one paragraph motion with grievance responses." *Id.* Defendants assert that they included their brief in support in the same package as their motion—a package that Sellers signed for on November 17, 2021. (Doc. 25 at 2); *see also* (Doc. 25-1).

3

Even if the Court were to assume that Sellers did not receive Defendants' brief in support, it does not explain why Sellers did not respond to a motion that he admits he received. Regardless, Sellers has failed to demonstrate any prejudice arising from his failure to receive Defendants' brief. *See Parker v. Utah*, 502 F. App'x 787, 789 (10th Cir. 2012). Sellers's Amended Complaint was deficient as a matter of law, and any response he could have formulated would be unable to change that fact.

Sellers next objects to Judge DeSoto's holding that he does not suffer from a disability within the meaning of the ADA. (Doc. 23 at 3). He refers to documents from the Bureau of Prisons that identify Sellers as "100% disabled," as classified by Veterans Affairs. *See* (Doc. 9-1 at 3).

The ADA defines "disability" as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. *See Thompson v. Davis*, 295 F.3d 890, 896 (9th Cir. 2002) (quoting 42 U.S.C. § 12102(2)).

The BOP documentation Sellers has provided reflects a record of an impairment that limits his major life activities, and thus he is disabled within the

4

meaning of the ADA. Sellers's disability proves insufficient, however, to fully state a claim under the ADA.

To state a claim under the ADA, an inmate must allege:

(1) he "is an individual with a disability"; (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities"; (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Sellers has provided proof that he is an individual with a disability, but nowhere in his Amended Complaint does he allege that his disability resulted in his exclusion from any benefits, programs, or other incentives available at MSP. The disability documentation Sellers provides seems to relate primarily to his traumatic brain injury and predates any of the dental problems present in his Amended Complaint. *See* (Doc. 9-1 at 3). Sellers has failed to satisfy four out of five of the required prongs of an ADA complaint, which warrants dismissal of his ADA claim in its entirety.

The remainder of Sellers's objections pertain to events not articulated in his Amended Complaint and events that occurred after his Amended Complaint was filed. (Doc. 23). A district court has discretion, but is not required, to consider

5

evidence presented for the first time in a party's objection to a magistrate judge's recommendation. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

Sellers's objections pertaining to Defendants Hiner and Scharf present totally new allegations relating to medical care that Montana State Prison provided to Sellers in the wake of an alleged assault that took place this past September, well after Sellers filed his Amended Complaint. (Doc. 23 at 1–2). These new allegations have nothing to do with the events in Sellers's Amended Complaint. The Court declines to consider these new, unrelated allegations for the first time in an order addressing a magistrate judge's findings and recommendations.

Sellers's objections otherwise advance the same arguments that he set forth previously. The Court reviewed Judge DeSoto's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no error.

Accordingly, **IT IS ORDERED** that:

1. Judge DeSoto's Findings and Recommendations (Doc. 22) are **ADOPTED IN FULL**.

2. Defendants Hiner and Scharf are hereby dismissed from this case and the caption shall be amended. The Clerk of Court shall terminate Hiner and Scharf as parties.

3. Sellers's ADA claims are **DISMISSED** as to all defendants, as are any claims arising before January 29, 2021, which are time-barred, as explained in the Court's prior orders.

4. Sellers's motion for entry of default and default judgment (Docs. 19 and 20) are **DENIED**.

5. Defendant Leaver shall file her answer within fourteen days of the date of this order.

DATED this 25th day of January, 2022.

_____
Brian Morris, Chief District Judge
United States District Court