IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS, | CV-21-0005-H-SPW-KLD |
| Plaintiff, | |
| vs. | ORDER |
| CRYSTAL LEAVER, | |
| Defendant. | |

Defendant Crystal Leaver has moved for summary judgment on Plaintiff Donnie Mack Sellers' claims against her. (Doc. 54.) The motion is fully briefed. For the reasons that follow, the motion will be granted.

## I. Background

Sellers is a prisoner at Montana State Prison ("MSP") who suffers from various tooth and jaw problems. (Doc. 11 at 5.) Sellers initially sued several defendants, alleging violations of his Eighth Amendment right to medical care. Several defendants were dismissed, but the Court determined that he stated a claim against three defendants, including Defendant Leaver. The Amended Complaint was served on them. (Doc. 12.) Defendants filed a motion to dismiss, and the Court dismissed the other two defendants, leaving only Leaver. (Doc. 26.) Leaver has now moved for summary judgment.

1

## II. Discussion

Leaver has moved for summary judgment on three grounds: the undisputed facts show that Sellers has consistently received treatment for his dental issues that was not deliberately indifferent; Leaver, in her job, did not interfere with Sellers' dental care; and Leaver is entitled to qualified immunity. (Doc. 55 at 2.) The Court finds the second argument to be dispositive.

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id.* The Court views the evidence in the light most

favorable to the nonmoving party and draws all justifiable inferences in the non-moving party's favor when deciding a motion for summary judgment. *Id.* at 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

## B. Analysis

To state a §1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The second prong requires a showing of: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 quoting *Jett*, 439 F.3d at 1096. "Such indifference may be manifested in two ways. It may appear when prison officials

3

deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104-05).

During the time of the events at issue in this lawsuit, Leaver was the Dental Office Manager at MSP. (Doc. 58 at ¶ 3.) (These facts are taken from Defendant's Statement of Undisputed Facts. (Doc. 58.) Sellers failed to file his Mont. L. R. 56.1(b) Statement of Disputed Facts, but he did file and cite various documents the Court will construe as disputing facts as appropriate.) Leaver's job duties included scheduling patient visits, scheduling provider shifts, answering dental kites and grievances, and producing records for clinic accreditation. (Doc. 58 at ¶ 4.)

One time, Leaver provided Sellers a fluoride treatment. Otherwise, her interactions with him were to schedule his visits, give him toothbrushes, and respond to his kites. (Doc. 58 at ¶ 5.) As an office manager, Leaver was not responsible for decisions about Sellers' dental care. (Doc. 58 at ¶ 8.)

Leaver contends that she could not have been deliberately indifferent to Sellers' medical needs, in violation of the Eighth Amendment, because she was not involved in making decisions about what the proper course of care was. In response, Sellers contends that Leaver has established no undisputed facts. (Doc. 61 at 2.) Sellers then alleges that Dr. Hash, who has been a dentist at MSP since 2007 and who submitted an affidavit in support of Leaver's Statement of

4

Undisputed Facts, violated Sellers' constitutional right to medical care. *Id.* According to Sellers, Leaver provided close to 4000 pages of discovery, in which Sellers claims to have learned various damaging facts about Dr. Hash. The bulk of Sellers' response brief is dedicated to repeating outdated claims against Dr. Hash and another dentist, Dr. Christianson. However, many of these allegations arose at the time Sellers' jaw was originally broken, a claim on which the statute of limitations has long run, and on which Sellers filed suit years ago. (Doc. 61 at 3, 13 - 15.) Dr. Hash and Dr. Christianson are not defendants in this lawsuit.

The Court has reviewed Sellers' response brief, its attachments, and the attachments to his Amended Complaint to which he refers and concludes that Leaver did not have a sufficient role in decisions about his dental care to have exhibited deliberate indifference to a potential serious medical need. The Court also concludes that Sellers has received consistent dental care of various forms throughout the period subject to this lawsuit, but that fact goes beyond what is necessary to determine Leaver's liability. (Doc. 58-2.) As a lay person, Leaver was not in charge of deciding whether Sellers needed specific medical treatments. (Doc. 58, ¶ 7.) As a scheduler and manager, she continued to provide Sellers access to dental treatment. (Doc. 58, ¶ 9.) Leaver did not violate Sellers' Eighth Amendment right to access to medical care. Her motion for summary judgment will be granted.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Defendant Crystal Leaver's motion for summary judgment is GRANTED. (Doc. 54.)

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 12th day of January, 2023.

Susan P. Watters, Judge
United States District Court